**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000004**
**29-JAN-2021**
**07:50 AM**
**Dkt. 36 MO**

NO. CAAP-17-0000004

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BRENT K. SYLVESTER, Respondent-Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAI'I,
Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-16-00003)

**MEMORANDUM OPINION**
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Respondent-Petitioner-Appellant Brent K. Sylvester (**Sylvester**) appeals from the "Decision and Order Affirming Administrative Revocation and Denying Motion to Reverse for Violation of Due Process" (**Decision & Order**) entered by the District Court of the First Circuit, Honolulu Division,[1] on December 5, 2016, and the "Judgment on Appeal" (**Judgment**) entered on December 6, 2016. For the reasons explained below, we affirm the Decision & Order and the Judgment.

**BACKGROUND**

At about 2:00 a.m. on April 3, 2016, three people were traveling on the H-1 freeway in a Nissan when their car was rear-

---

[1] The Honorable Lono J. Lee presided.

ended by a Toyota. The Toyota did not stop. The people in the Nissan followed the Toyota. One of them called 911 and gave the police dispatcher the Toyota's license plate number. The people in the Nissan followed the Toyota to a residence in Kailua. They confronted the driver, Sylvester, when he got out of the Toyota. They thought Sylvester was intoxicated because he had a hard time getting out of the Toyota, and because of the way he spoke, the way he smelled, and the way he walked. Sylvester denied knowing anything about the incident, and entered the residence. Honolulu Police Department (**HPD**) officers arrived at the scene. The people who were in the Nissan submitted written statements on HPD-252 forms.

HPD Sergeant Ralstan Tanaka prepared a sworn statement. When he arrived at Sylvester's residence he saw a Toyota with minor damage to the front bumper and grill, and a Nissan with major rear-end damage. The people who were in the Nissan identified Sylvester as the driver of the Toyota that rear-ended their Nissan. Sergeant Tanaka instructed HPD Corporal Francis Yanagi to initiate an investigation for operating a vehicle under the influence of an intoxicant (**OVUII**).

According to Corporal Yanagi's sworn statement, Sylvester answered a knock on his door. Sylvester "blurted out that he just had a 'few' when he got home[.]" Corporal Yanagi reported detecting the odor of alcohol on Sylvester's breath. Corporal Yanagi offered Sylvester the opportunity to take the standardized field sobriety test. Sylvester declined. Sylvester also declined to take a preliminary alcohol screening. Corporal Yanagi placed Sylvester under arrest for OVUII. Sylvester was transported to the Kailua police station, where he refused to take a breath or blood test. He was then issued a "Notice of Administrative Revocation" of his driver's license.

On April 7, 2016, the Administrative Driver's License Revocation Office (**ADLRO**) sustained the administrative revocation of Sylvester's license. Sylvester requested a hearing. An

administrative hearing was conducted.  On September 19, 2016, the Administrative Director of the Courts (**Director**) sustained the ADLRO decision sustaining the administrative revocation of Sylvester's license.  Sylvester's license was revoked until July 20, 2018.

On September 22, 2016, Sylvester filed a "Petition for Judicial Review[.]"  On November 28, 2016, Sylvester filed a "Motion to Reverse License Revocation for Violation of Due Process[.]"  The district court held a hearing on December 2, 2016.  The Decision & Order was entered on December 5, 2016; it included a denial of Sylvester's due process motion.  The Judgment was entered on December 6, 2016.  This appeal followed.

### JURISDICTION

Although neither party raises the issue of mootness, "mootness is an issue of subject matter jurisdiction."  Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 4, 193 P.3d 839, 842 (2008).  Every court must determine "as a threshold matter whether it has jurisdiction to decide the issue presented."  Pele Def. Fund v. Puna Geothermal Venture, 77 Hawaiʻi 64, 67, 881 P.2d 1210, 1213 (1994) (citation omitted).

Under the mootness doctrine:

> the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. . . . The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised.

Hamilton, 119 Hawaiʻi at 5, 193 P.3d at 843 (citations omitted).  It would appear that Sylvester's appeal is moot because his license revocation ended on July 20, 2018, more than two years ago.  There is, however, an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review[.]"  See id. (citation omitted).

> The phrase, "capable of repetition, yet evading review," means that "a court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit."

Id. (citation omitted). We hold that the exception applies here, and we have jurisdiction to decide Sylvester's appeal. See Slupecki v. Admin. Dir. of the Courts, 110 Hawaiʻi 407, 409 n.4, 133 P.3d 1199, 1201 n.4 (2006).

## STANDARD OF REVIEW

Our review of the district court's Decision & Order is a secondary appeal; we must determine whether the district court was right or wrong in its review of the Director's decision. Wolcott v. Admin. Dir. of the Courts, ___ Hawaiʻi ___, ___, ___ P.3d ___, ___, No. SCWC-15-0000859, 2020 WL 7487845, at *5 (Dec. 21, 2020) (SDO).

## DISCUSSION

Sylvester contends that the district court erred by: (1) relying upon unsworn HPD-252 statements to establish probable cause for his arrest; and (2) violating his right to due process.

> **1. The district court did not err by relying upon unsworn statements of civilians to sustain probable cause.**

The district court's review of the Director's administrative decision is limited to the record of the administrative hearing; the district court must decide whether the Director:

> (1) Exceeded constitutional or statutory authority;
>
> (2) Erroneously interpreted the law;
>
> (3) Acted in an arbitrary or capricious manner;
>
> (4) Committed an abuse of discretion; or

> (5)    Made a determination that was unsupported by the evidence in the record.

<u>McGrail v. Admin. Dir. of the Courts</u>, 130 Hawaiʻi 74, 78, 305 P.3d 490, 494 (App. 2013) (citing Hawaii Revised Statutes (**HRS**) § 291E-40(c) (2007)).

HRS § 291E-38 (Supp. 2015) provides, in relevant part, that upon conducting the administrative hearing:

> (e)    The [D]irector shall affirm the administrative revocation only if the [D]irector determines that:
>
> > (1)    There existed reasonable suspicion to stop the vehicle . . .;
> >
> > (2)    There existed probable cause to believe that the respondent operated the vehicle while under the influence of an intoxicant; and
> >
> > (3)    The evidence proves by a preponderance that:
> >
> > > (A)    The respondent operated the vehicle while under the influence of an intoxicant[.]
> >
> > . . . .
>
> (g)    The <u>sworn statements provided in section 291E-36</u> shall be admitted into evidence.  The [D]irector shall consider the sworn statements in the absence of the law enforcement officer or other person.

(Underscoring added.)

HRS § 291E-36 (2007) provides, in relevant part:

> (b)    Whenever a respondent has been arrested for [OVUII] and <u>refuses to submit to a test</u> to determine alcohol concentration . . . the following shall be forwarded immediately to the [D]irector:
>
> > (1)    A copy of the arrest report and the <u>sworn statement of the arresting law enforcement officer</u>, stating facts that establish that:
> >
> > . . . .
> >
> > > (B)    There was probable cause to believe that the respondent had been operating the vehicle while under the influence of an intoxicant[.]

(Underscoring added.)

During Sylvester's administrative hearing the hearings officer considered the HPD-252 statements, written by the three occupants of the Nissan, that identified Sylvester as the driver of the Toyota that hit their Nissan. Citing McGrail, Sylvester argues that was error because the witnesses did not swear to their statements.

In McGrail, the police officer who stopped McGrail (**Stopping Officer**) did not submit a sworn statement attesting to her basis for the stop, nor did she testify at the ADLRO hearing. The Stopping Officer's unsworn statement was included in the sworn statement of the officer who arrested McGrail (**Arresting Officer**). McGrail moved to strike, among other things, the Stopping Officer's unsworn statements included in the Arresting Officer's sworn statement. The hearings officer denied that portion of McGrail's motion and sustained the revocation of his license. McGrail filed a petition for judicial review. The district court affirmed. McGrail appealed. We noted that "[i]n enacting the statutory scheme, the Legislature chose to require the submission of sworn statements by key police and government officers as a means of ensuring the reliability of the revocation process." McGrail, 130 Hawaiʻi at 80, 305 P.3d at 496 (underscoring added). We held that the Director erred by considering the unsworn statements of the Stopping Officer, even though they were contained in the sworn statement of the Arresting Officer, and reversed the district court's judgment.

However, in McGrail we also noted that "hearsay is generally admissible at administrative hearings[,]" id. at 79, 305 P.3d at 495 (citing Price v. Zoning Bd. of Appeals, 77 Hawaiʻi 168, 176 & n.8, 883 P.2d 629, 637 & n.8 (1994)), and stated the caveat that "our decision does not depend on whether hearsay is admissible in administrative proceedings[,]" id. at 82, 305 P.3d at 498. We noted that "[t]he ability of police officers to rely on hearsay information in determining reasonable suspicion also does not detract from our analysis. The focus of

the reasonable suspicion determination is still on what the officer who effected the traffic stop knew and believed at the time of the stop."  Id. (cleaned up).  In this case, the occupants of the Nissan who identified Sylvester as the driver of the Toyota that hit them were not law enforcement officers.  The Director did not err in considering their unsworn statements to determine whether Corporal Yanagi had probable cause to arrest Sylvester for OVUII.  Because the Director did not err, the district court was right to affirm the Director's decision.

Sylvester also argues that the reference in HRS § 291E-38(g) to the Director issuing a subpoena for "a law enforcement officer or other person who made a sworn statement" requires sworn statements from civilian witnesses (underscoring added).  We disagree.  In context, the phrase "other person who made a sworn statement" refers to "the person responsible for the maintenance of the testing equipment" and "the person who conducted the test" mentioned in HRS § 291E-36(a)(2)&(3) (2007).  No such persons were involved in Sylvester's case because Sylvester refused to take breath or blood tests to determine alcohol concentration.

Because of our disposition of Sylvester's first point of error we need not address the Director's argument that the HPD-252 forms, each of which was signed by the writer and stated: "I attest that this statement is true and correct to the best of my knowledge, and that I gave this statement freely and voluntarily without coercion or promise of reward," were sworn statements.

## 2.   Sylvester was not deprived of due process.

Sylvester contends that he was deprived of due process because the district court failed to schedule a hearing on his petition for judicial review "as quickly as practicable" as required by HRS § 291E-40 and Rule 72 of the District Court Rules

of Civil Procedure (**DCRCP**).  The statute provides, in relevant part:

> (a)  If the [D]irector sustains the administrative revocation after an administrative hearing, the respondent . . . may file a petition for judicial review . . . .  The filing of the petition shall not operate as a stay of the administrative revocation, nor shall the court stay the administrative revocation pending the outcome of the judicial review. . . .
>
> (b)  The court shall schedule the judicial review as quickly as practicable[.]

HRS § 291E-40 (2007).  DCRCP Rule 72 provides, in relevant part:

> **(h)  Hearing**.  The district court shall schedule the hearing on the petition [for judicial review] as quickly as practicable[.]

Sylvester filed his petition for judicial review on September 22, 2016.  The petition designated the entire ADLRO record as the record on appeal, as well as transcripts of the May 13, 2016 and September 14, 2016 administrative hearings.  ADLRO had 15 days (until October 7, 2016) to file the record on appeal under DCRCP Rule 72(d)(1).

On September 30, 2016, the Director requested, and was granted, a 2-week extension of time to file the record on appeal (until October 21, 2016) because "the transcriber requires more time to complete the transcript."  An extension of time is permitted under DCRCP Rule 72(d)(1), which provides that the record and transcripts must be filed "within 15 days of the date of the order [ordering transmission of the record] or within such further time as may be allowed by the court." (Underscoring added.)  The record and transcripts were filed on October 18, 2016, **11 days** after they were originally due.

On October 18, 2016 (the same day the record on appeal was filed), the district court issued a notice that Sylvester's petition would be heard on November 18, 2016, and set a deadline to file briefs.  The 31-day period between the filing of the record on appeal and the hearing was reasonable, considering the

8

parties needed time to brief the appeal after receiving the record and transcripts.

On November 16, 2016, the district court continued the hearing date **14 days**, to December 2, 2016.  The record does not indicate the reason for the continuance.  The extension and continuance totaled **25 days**, with no indication in the record that the extension or the continuance was necessitated because of an act or omission of the Director, and no indication that the continuance was sought by the Director.  We reject Sylvester's contention that he was deprived of due process because the hearing on his petition for judicial review was not scheduled "as quickly as practicable[.]"

## CONCLUSION

For the foregoing reasons, the Decision & Order and the Judgment entered by the district court are affirmed.

DATED:  Honolulu, Hawaiʻi, January 29, 2021.

On the briefs:

Alen M. Kaneshiro,
for Respondent-
Petitioner-Appellant.

Ewan C. Rayner,
Deputy Solicitor General,
for Respondent-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge